In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| Alfred Fickens, #127392, | ) | Civil Action No. 9:06-2462-SB-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Samuel B. Glover, Director of the | ) | **OF THE MAGISTRATE JUDGE** |
| South Carolina Department of | ) | |
| Probation, Parole, and Pardon Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

The Plaintiff, Alfred Fickens ("Plaintiff" or "Fickens"), is a state prisoner who is incarcerated in Lee Correctional Institution ("LCI") who began serving multiple life sentences plus thirty (30) years in 1987. Proceeding *pro se*, he seeks declaratory and injunctive relief from the above-captioned defendant, Samuel B. Glover, Director, South Carolina Department of Probation, Parole, Pardon Services, (the "Defendant"). Plaintiff contends that the Defendant has unfairly denied him consideration for parole, and wrongfully refused to aggregate his multiple consecutive sentences to determine application of earned work credits, max-out dates, or parole eligibility. [1]

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II. *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429

U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, . This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp 2d 594 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case with the present complaint.

## IV.  FACTUAL BACKGROUND

Effective June 3, 1986, the General Assembly of South Carolina enacted S.C. Code Ann. § 24-21-640, a statute which barred the possibility of parole to any person convicted of a second or subsequent violent crime.  Also effective June 3, 1986, the General Assembly distinguished violent from non-violent crimes by passing S. C. Code Ann. § 16-1-60, which specifically identifies first degree burglary as a violent crime.[1]

On the night of December 24, 1986, Plaintiff unlawfully entered the home of Ms. Celestine Moore with the intent to committed a crime.  Then, on February 4, 1987, Plaintiff again entered Ms. Moore's home, and sexually assaulted her.  The Plaintiff was arrested and gave a written confession with respect to both burglaries.[2]

At the April 1987 term of Court of General Sessions for Charleston County, the Plaintiff was indicted for Burglary in the First Degree (87-GS-10-0836), Criminal Sexual Conduct in the First Degree (87-GS-10-0835), and Burglary in the First Degree (87-GS-10-0839).[3]

---

[1] Section 16-11-311 defines Burglary in the First Degree as follows:
(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
    (a) is armed with a deadly weapon or explosive; or
    (b) causes physical injury to a person who is not a participant in the crime; or
    (c) uses or threatens the use of a dangerous instrument; or
    (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
(3) the entering or remaining occurs in the nighttime.
. . .

[2] *See* Defendant's Memorandum [33] at p. 1.

[3] *See* Indictments attached as Exhibits 1 and 2 to Defendant's Motion [33].

On August 7, 1987, after being found guilty by a jury for the offense of Burglary in the First Degree (87-GS-10-0839), the Plaintiff appeared before the Honorable James B. Stephen,[4] who sentenced the Plaintiff to a period of incarceration for the remainder of his natural life.[5]

On October 28, 1997, the Plaintiff appeared in the Ninth Circuit Court of General Sessions for trial on the charges of Criminal Sexual Conduct in the First Degree (87-GS-10-0835) and Burglary in the First Degree (87-GS-10-0836). The Plaintiff again was found guilty by a jury and was sentenced by the Honorable John Hamilton Smith to a consecutive term of life imprisonment.[6] Because this was Plaintiff's second conviction for Burglary in the First Degree, which is classified as a violent offense, Plaintiff was not eligible for parole under South Carolina law. *See* S.C. Code Ann. §§ 16-1-60 and 24-21-640.

On September 5, 2005, the Plaintiff wrote Ms. Gwendolyn Bright, Director of Board Support Services,[7] informing her that he was currently serving a life sentence with a ten year parole eligibility and asking the reason he had not appeared before the Parole Board. Plaintiff contended that the denial of parole was an oversight by the Department of Probation, Parole and Pardon Services, and he asked Ms. Bright to immediately address this situation and schedule a parole hearing. Ms. Bright contacted Legal Services for an investigation into the claims alleged by the Plaintiff regarding his parole eligibility.

---

[4] Defendant also states by Brief that Plaintiff also was found guilty of Aggravated Assault and Possession of a weapon. *See* Memorandum [33] at p. 2.

[5] *See* Exhibit 1 to Defendant's Motion [33] (Indictment and sentencing sheet of the Plaintiff's conviction for Burglary in the First Degree).

[6] *See* Exhibit 2 to Defendant's Motion [33] (Indictment and sentencing sheet for Burglary in the First Degree and Criminal Sexual Conduct).

[7] *See* Exhibit 3 to Defendant's Motion [33] (letter from Plaintiff to Ms. Bright).

After an investigation, Legal Services found that the Plaintiff was serving a sentence for a second offense for a violent crime. On October 4, 2005, the Defendant wrote the Plaintiff to inform him that pursuant to South Carolina law, he was not eligible for parole.[8] The Plaintiff filed an notice of appeal with the Administrative Law Court ("ALC"), seeking a reversal of the decision to deny him parole eligibility. The final brief of the Defendant was filed with the ALC on September 8, 2006. Both the Plaintiff and the Defendant have informed the court that this matter is pending before the ALC.[9]

### III.  PROCEDURAL HISTORY

On August 31, 2006,[10] during the time the matter was pending before the ALC, the Plaintiff filed this action under 42 U.S.C. § 1983, alleging that the Defendant unlawfully denied him a parole hearing for constitutionally impermissible reasons; that the Defendant violated state and federal law by refusing to aggregate the Plaintiffs multiple consecutive sentences; that the Defendant violated ex post facto laws by improperly denying the Plaintiff statutory parole review hearings; and that the Defendant failed to promulgate any Probation, Parole, and Pardon Services policy and procedure for all inmates filing grievances.  [1]

On October 2, 2006, the Court authorized service of process by the Clerk of Court. [3] On November 9, 2006, prior to filing an answer in this case, the Defendant filed a Motion to Dismiss the action pursuant to Rule 12(b)(6) or in the Alternative, for Summary Judgment, and a Memorandum in support thereof, with exhibits. The Defendant argued that he was entitled to summary judgment as a matter of law on the following grounds:  (1) Plaintiff failed to state a claim upon which relief can be granted; (2) Plaintiff's claims were

---

[8] *See* Exhibit 4 attached to Defendant's Memorandum [33-1].

[9] *See* Defendant's Memorandum [33-1] at p. 2-3.

[10] Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his initial filing with the court.  [5]

barred by the doctrine of qualified immunity; and (3) the action was barred by the Eleventh Amendment of the United States Constitution.  [8]

On November 7, 2006, the undersigned issued an Order requesting that the Defendant clarify to the Plaintiff whether the Defendant was proceeding under Rule 12(b)(6) or under Rule 56.  [10]  Also on November 7, 2006, the undersigned also issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendant's Motion within thirty-four (34) days.  [14]  On November 8, 2006, the Defendant filed its Notice indicating that he intended that his Motion be treated by the court as one for summary judgment.  [15]

After the Plaintiff failed to respond to the court's *Roseboro* Order, the court issued an order directing Plaintiff to respond to the motion for summary judgment by January 9, 2007.  [17]  On December 27, Plaintiff filed his response in opposition to the Defendant's Motion.  [19]

On January 24, 2007, the undersigned held a hearing on the Defendant's Motion; at the conclusion of the hearing, the Defendant elected to withdraw his motion to dismiss with leave from the court to re-file a motion for summary judgment.  [23]

After the hearing, the Plaintiff filed a second Response in opposition to the Defendant's Motion to Dismiss.  [28]  On March 7, 2007, the Defendant filed a motion for summary judgment [33] and the undersigned issued a second *Roseboro* Order to the Plaintiff. The Plaintiff filed his response to the Defendant's motion on April 18, 2007.  [35]  As the issues have been joined, the case is now ripe for disposition by the undersigned United States Magistrate Judge.

### VI.  THE STANDARD FOR DECIDING A MOTION
### FOR SUMMARY JUDGMENT

As the Supreme Court held in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

### V.  ANALYSIS

Plaintiff contends that he has been denied parole unlawfully, in violation of his Constitutional rights. For these alleged wrongdoings the Plaintiff has filed this cause of action under 42 U.S.C. § 1983 which states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief until shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

As a threshold matter, the court is of the opinion that Plaintiff's claims are not cognizable under Section 1983.  A Section 1983 action is the proper vehicle to challenge the

conditions of confinement, not the fact or length of confinement. *Cabbagestalk v. Miller*, 2007 WL 172507 at *2 (D.S.C. January 17, 2007), *citing Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). To the extent that the Plaintiff challenges the fact or length of his confinement, such challenge is cognizable only in habeas corpus relief and not in a Section 1983 complaint.

Even if the Plaintiff could challenge his denial of parole under Section 1983, he still cannot state a cause of action. The Plaintiff was denied parole pursuant to South Carolina law. The Plaintiff is currently serving a life sentence for Burglary in the First Degree; he received this life sentence after he was already convicted of a previous Burglary in the First Degree. Burglary in the First Degree is classified as a violent offense pursuant to Section 16-1-60 of the South Carolina Code of Laws.[11] According to South Carolina law, any person convicted a second time for a crime classified as violent cannot become eligible for parole. Section 24-21-640 of the South Carolina Code of Laws specifically states, in pertinent part:

> The board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60.

S.C. Code Ann. § 24-21-640 (Supp. 2005).

South Carolina Code Section 16-1-60 specifically defines first degree burglary as a violent crime. Section 16-1-60 took effect on June 3, 1986. The Plaintiff committed the first degree burglaries at issue in December 1986 and February 1987[12]–**after** Section 16-1-60 was enacted. Therefore, Section 16-1-60 clearly applies to the two First Degree Burglaries committed by the Plaintiff. As the South Carolina Supreme Court has recognized, "the time

---

[11] For purposes of definition under South Carolina law, a violent crime includes the offenses of Burglary in the First Degree. S.C. Code Ann. §16-1-60(Supp. 2005).

[12] *See* Defendant's Memorandum [33] at p. 1.

that the crime was committed is the relevant time for purposes of characterizing the crime as violent or non-violent, not the time that the inmate was convicted." *Furtick v. SCDPPP*, 352 S.C. 594, 600, 576 S.E.2d 146, 149, *reh'g denied; cert. denied*, 539 U.S. 932, 123 S.Ct. 2584, 539 156 L.Ed.2d 612 (2003), *citing Sullivan v. State*, 331 S.C. 479, 504 S.E.2d 110 (1998) *and Phillips v. State*, 331 S.C. 482, 484, 504 S.E.2d 111, 112, n.2 (1998) (noting that section 16-1-60 was amended between 1993 and 1995 to provide prospective effect only).

Next, the Plaintiff contends that his denial of parole constitutes an ex post facto violation.[13] This argument is without merit. "Where conduct in committing offenses which trigger recidivist features of sentencing provisions occur <u>after</u> the sentencing provision's effective date, there is no ex post facto violation." *State v. Jones*, 344 S.C. 48, 59, 543 S.E.2d 541, 546 (2001) (emphasis supplied by the undersigned), *citing State v. Dabney*, 301 S.C. 271, 391 S.E.2d 563 (1990) (amendment of statute lengthening period of time previous convictions could be used to increase punishment for subsequent DUI offense did not violate ex post facto clause as applied to drivers who committed offenses for which they were being sentenced after effective date of statute's amendment). In *Jones*, the South Carolina Supreme Court held that there was no ex post facto violation because Jones had committed the armed robberies <u>after</u> the passage of the "two-strikes" law under which he had been sentenced. The same is true here.

Finally, the Plaintiff claims that in denying his parole the Defendant has violated his Constitutional rights. Plaintiff's argument is without merit because there is no right to parole. Instead, parole is a privilege, not a right, and that right is given through the law created by the legislature. *Sullivan v. South Carolina Dept. of Corrections*, 355 S.C. 437, 586 S.E.2d 124 (2003), *cert. denied*, 540 U.S. 1153, 124 S.Ct. 1155, 157 L.Ed.2d 1050 (2004). Thus, the Defendant has not infringed or denied any of the Plaintiff's Constitutional rights in denying him parole.

---

[13]     U.S. Const. art. 1, § 10; S.C. Const. art. 1, § 4.

## **RECOMMENDATION**

Based upon the foregoing, it is recommended that the Defendant's Motion for Summary Judgment **[33] should be granted.**

*[signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 12, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).